POWERCOMM, LLC, Plaintiff,
Appellant,

v.

HOLYOKE GAS & ELECTRIC DE-
PARTMENT; James M. Lavelle; Bri-
an C. Beauregard; Jeffrey Brouillard;
Michael Costello; Charles L. Martel,
Defendants, Appellees.

No. 10–2327.

United States Court of Appeals,
First Circuit.

Oct. 20, 2011.

Steven S. Albro, Warwick, RI, Robert A.
Battey, Geoffrey M. Bohn, Bohn & Koure-
tas, PLC, Arlington, VA, for Appellant.

John J. Ferriter, Ferriter & Ferriter
LLC, Holyoke, MA, for Appellees.

Before BOUDIN, SELYA and DYK,*
Circuit Judges.

## ORDER OF COURT

PER CURIAM.

Only one matter raised in the petition
for panel rehearing requires comment.
The petition asserts that the opinion
wrongly credited Delgado with the esti-
mate, reflected in a spreadsheet, that Will-
co's bid on the 2007 contract was 19 per-
cent lower than PowerComm's bid; it also
asserts that the decision overlooked and
failed to address PowerComm's argument
and evidence showing that Brouillard—
who did review the bid figures and seem-
ingly is responsible for the 19 percent cost
calculation—provided a slanted and inaccu-
rate assessment that caused PowerComm
to lose the contract.

The decision did inaccurately attribute
the estimate to Delgado rather than

Brouillard, repeating a statement made in
the district court's opinion that Power-
Comm never clearly challenged in its ap-
peal. The panel opinion is now being cor-
rected in this and a related respect by an
errata. In any event, the claim now made
by PowerComm that Brouillard provided
an inaccurate and slanted assessment ap-
pears nowhere in a coherent form in Pow-
erComm's briefs, which is why no such
issue was discussed in the decision. Thus,
that argument, now made in the petition, is
itself forfeit.

It also lacks merit. The three pieces of
evidence on which PowerComm now relies,
although mentioned in scattered refer-
ences in the briefs, do not create a color-
able jury issue or allow a jury to conclude
the 19 percent figure was either inaccurate
or slanted. None says that the 19 percent
figure is inaccurate; and any inferences
suggested are refuted by evidence in the
record. Specifically, the items are:

—an excerpt from a PowerComm ex-
pert's report saying that the cost com-
parison may be incomplete and that if
the formula used for costing were omit-
ted from bid specs, this might allow
unfairness; *but* the expert said he did
not know whether it was omitted, and he
did not assert, let alone show, that the
formula was wrong or improperly fa-
vored the winning bid.

—a September 18, 2007, letter from
Brouillard to Willco stating that HG &
E would pay "all" Willco employees at
the "General Foreman" rate; *but* Will-
co's head manager confirmed that this
was a misstatement—the actual discus-
sion between them was that *he* would
get that top rate; and Brouillard's supe-
rior, Beauregard, confirmed that only
the general manager would ever have
received the top rate.

---

* Of the Federal Circuit, sitting by designation.

—Brouillard's January 31, 2008, e-mail to Beauregard, saying that Power-Comm's 2007 bidding rates were "minimum realistic pricing to be obtained on the rebid"; *but* after the original 2007 award and before the new bidding, Willco signed a union contract that Power-Comm's own brief acknowledged would substantially raise its costs.

In short, neither in its briefs nor in the rehearing petition has PowerComm pointed to credible record evidence to show that the 19 percent figure was inaccurate, let alone deliberately slanted. Indeed, if that argument had been made—and supported by a serious expert assessment devoted to that subject—the spreadsheet would have been a central subject of analysis and its authorship likely would have become clear.

The petition for rehearing is *denied*.